# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| FAM N.V.<br><br>    Plaintiff,<br><br>v.<br><br>URSCHEL LABORATORIES, INC.<br><br>    Defendant. | Case No. 19-cv-439<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff FAM N.V. ("FAM" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant Urschel Laboratories, Inc. ("Urschel" or "Defendant") as follows:

## NATURE OF THE ACTION

1. FAM brings this action for patent infringement to stop Urschel's infringement of FAM's United States Design Patent No. D730,703 ("the '703 Patent"), entitled "Knife Holder." A true and correct copy of the '703 Patent is attached hereto as <u>Exhibit A</u>.

## THE PARTIES

2. Plaintiff FAM is a naamloze vennootschap (public company) organized and existing under the laws of Belgium, with its principal place of business located in Belgium.

3. Upon information and belief, Defendant Urschel is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1200 Cutting Edge Dr., Chesterton, IN 46304.

## JURISDICTION AND VENUE

4. This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et. seq.*

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claim arises under federal law and relates to the Patent Act.

6. This Court further has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between FAM and Urschel and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Urschel because Urschel has its principal place of business in Chesterton, Indiana. Upon information and belief, Urschel also, directly or through intermediaries, manufactures infringing products in Chesterton, Indiana.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c), and § 1400.

## FACTUAL BACKGROUND

9. FAM is one of the world's leading designer, developer and manufacturer of cutting solutions for the food industry.

10. FAM has distinguished itself from its competitors through its innovative designs, and has numerous patents covering these designs.

11. On May 7, 2014, U.S. Patent Application No. 29/490,213 was filed with the United States Patent and Trademark Office ("USPTO").

12. After a full and fair examination of U.S. Patent Application No. 29/490,213, the USPTO duly and legally issued '703 Patent on June 2, 2015 which claims an "ornamental design for a knife holder." The '703 Patent claims a non-functional ornamental design.

2

13. The '703 Patent has been assigned to FAM, and FAM owns all right, title, and interest in and to the '703 Patent and has the right to sue and recover for past, present, and future infringement.

## COUNT I

### Patent Infringement, U.S. Patent No. D730,703

14. FAM incorporates and restates paragraphs 1 through 13 as if fully set forth herein.

15. The Infringing Products are knife holders that infringe the '703 Patent.

16. For example, Infringing Product, marked as "25883 Urschel® USA", infringes the '703 Patent inasmuch as it has an overall visual appearance that, to an ordinary observer conversant in the prior art, is substantially the same as the overall visual appearance of the design claimed in the '703 Patent.



| Infringing Products | '703 Patent Figure |
|---|---|

17. Upon information and belief, Urschel has infringed and continues to infringe the ornamental design for a knife holder claimed in the '703 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, manufacturing, offering for sale, and selling the Infringing Knifes in the United States.

18. Urschel's actions are without authority and/or license from FAM.

19. Upon information and belief, Urschel will continue to infringe FAM's rights in the '703 Patent unless restrained by this Court.

20. FAM has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

21. As a result of Urschel's infringement of the '703 Patent, FAM has suffered damages in an amount to be determined at trial, which includes disgorgement of Urschel's total profits, lost profits, but in no event less than a reasonable royalty for the use made of the invention by Urschel, together with interest and costs as fixed by the Court.

22. FAM has complied with 35 U.S.C. § 287 to the extent required by law.

23. Urschel's infringement has been willful, deliberate, and objectively reckless.

24. Urschel's infringement of the '703 Patent has caused irreparable harm to FAM, which has no adequate remedy at law, and will continue to injure FAM unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the design claimed in the '703 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FAM respectfully requests the following relief:

i. Enter judgment in favor of FAM and against Urschel based on Urschel's infringement of the '703 Patent;

ii. Award actual, consequential, and compensatory damages adequate to compensate FAM for Urschel's infringement pursuant to 35 U.S.C. § 284, or the total profits from Urschel's infringing activities pursuant to 35 U.S.C. § 289;

iii. That one or more of Urschel's acts of infringement be found to be willful from the time that Urschel became aware of the infringing nature of their actions, which is the time of service of FAM's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

iv. Declare this case exceptional under 35 U.S.C. § 285;

v. Award FAM attorneys' fees and costs for bringing and prosecuting this action;

vi. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

vii. Enter an order preliminarily and permanently enjoining Urschel and all other persons or entities acting in concert with Urschel from infringing the '703 Patent;

viii. Grant any such other and further relief as it deems proper and just.

## JURY DEMAND

FAM demands a trial by jury on all issues so triable.

Dated: November 20, 2019

HOLLAND & KNIGHT LLP

By */s/ Steven E. Jedlinski*
Steven E. Jedlinski (IL Bar No. 6294354)
Email: steven.jedlinski@hklaw.com
Anthony J. Fuga (IL Bar No. 6301658)
Email: anthony.fuga@hklaw.com
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Tel.: (312) 715-5818 / Fax: (312) 578-6666

*Attorneys for Plaintiff FAM N.V.*