# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| FAM N.V.,<br><br>    Plaintiff,<br><br>v.<br><br>URSCHEL LABORATORIES, INC.<br><br>    Defendant, | Case No. 2:19-cv-00439-TLS-JEM<br><br>JURY TRIAL DEMANDED |
| URSCHEL LABORATORIES, INC.<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>FAM N.V. and FAM STUMABO U.S.A., INC.,<br><br>    Counterclaim Defendants. | |

**PLAINTIFF FAM N.V.'S MOTION FOR LEAVE TO AMEND COMPLAINT**

## INTRODUCTION

Plaintiff FAM N.V. ("FAM") respectfully requests leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) in order to add claims against Defendant Urschel Laboratories Inc. ("Urschel") for false and deceptive advertising. The proposed amended complaint, with the amended language noted in redline, is appended hereto as **Exhibit A.** FAM's proposed amendment is timely, made in good faith, not futile and will not unduly prejudice Urschel. FAM's motion should be granted accordingly.[1]

## STATEMENT OF FACTS

FAM commenced this suit on November 20, 2019 with a single claim for design patent infringement. (Dkt. No. 1.) Urschel answered FAM's complaint on March 6, 2020. With its answer, Urschel asserted counterclaims for false advertising against both FAM and additional party, FAM Stumabo U.S.A., Inc. (Dkt. No. 11.) Urschel filed an amended answer and counterclaims on May 8, 2020, in response to FAM's motion to dismiss. (Dkt. Nos. 20, 24.)[2] The Court entered a Scheduling Order on May 14, 2020, adopting a schedule that the parties had proposed. (Dkt. Nos. 25, 28.) In pertinent part, the Scheduling Order (consistent with the parties' proposal) set a deadline of August 27, 2020 for the parties to seek leave to amend claims and/or add parties. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states that the "court should freely give leave [to amend a complaint] when justice so requires." The U.S. Court of Appeals for the Seventh

---

[1] FAM conferred with Urschel before filing this motion to ascertain whether Urschel will consent to FAM's request for leave to amend. Urschel advised that it would make that determination after review of FAM's motion.
[2] FAM has filed a partial motion to dismiss Urschel's amended counterclaims, which is fully briefed and pending adjudication. (Dkt. No. 29.)

1

Circuit has held that leave to amend should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Defendants have the burden of showing that the amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1412 (S.D. Ind. 1996); *see also Lake v. Hezebicks*, No. 2:14-cv-00344, 2015 U.S. Dist. LEXIS 4834, at *4 (S.D. Ind. Jan. 15, 2015) ("Defendants have the burden of showing that such a reason exists to deny the amendment.").

## ARGUMENT

I.  **LEAVE TO AMEND SHOULD BE GRANTED**

   A.  **FAM's Motion for Leave to Amend Is Timely.**

When a movant seeks leave to amend in accordance with an agreed and ordered case schedule, courts typically do not find undue delay. *See, e.g., Traylor v. GTE N.*, Inc., No. 1:04-CV-00445, 2005 U.S. Dist. LEXIS 6367, at *3-*4 (N.D. Ind. Apr. 13, 2005); *see also, e,g., Chambers v. Sue Puff & Phx. Inst.*, No. 1:19-CV-504-HAB, 2020 U.S. Dist. LEXIS 85448, at *3 (N.D. Ind. May 15, 2020) ("Even in the presence of factors that may demonstrate undue delay, a motion to amend that is filed within the deadline to do so will almost always be granted.")

Here, FAM timely filed its motion for leave to amend in accordance with the schedule agreed to by the parties and confirmed in the Court's Scheduling Order.  There is no plausible basis for Urschel to assert that FAM unduly delayed in seeking leave to amend.

2

### B. FAM's Proposed Amendment Is Not Futile.

FAM's proposed amendment states claims under the federal Lanham Act and Indiana Code for false and deceptive advertising. (*See* **Exhibit A**.) FAM has fully pled those claims, and there is no plausible basis for Urschel to contend that FAM's proposed amendment is futile.

### C. Urschel Will Not Be Unduly Prejudiced by FAM's Proposed Amendment.

Typically, courts hold that allowing a party to amend its pleading will not unduly prejudice its adversary when discovery remains open, leave to amend was sought in accordance with the schedule agreed to by the parties and ordered by the court, and discovery efforts would not have to be repeated. *See, e.g., Trzeciak v. State Farm Fire & Cas. Co.*, No. 2:10-CV-358-JTM-PRC, 2011 U.S. Dist. LEXIS 21530, at *6-7 (N.D. Ind. Mar. 1, 2011) ("The Seventh Circuit has identified two events after which a Motion to Amend is generally considered unduly delayed and prejudicial: the close of discovery and the filing of a motion for summary judgment.") (citing *Sanders v. Venture Stores*, 56 F.3d 771, 774 (7th Cir. 1995) (listing cases)); *see also, e.g., Austin v. Auto Handling Corp.*, No. 1:18-CV-82-HAB, 2020 U.S. Dist. LEXIS 50201, at *13 (N.D. Ind. Mar. 24, 2020) (finding no undue prejudice where discovery remained open and discovery conducted to date would be unaffected by the proposed new claim); *Goodman v. Clark*, No. 2:09 CV 355, 2010 U.S. Dist. LEXIS 72588, at *56-57 (N.D. Ind. July 12, 2010) (finding no undue prejudice despite introduction of new legal theories because "very little discovery has taken place in this case, and no discovery efforts will need to be repeated.").

Fact discovery in this case has just begun and is not set to close until March 1, 2021. (Dkt. No. 28.) Any discovery the parties may conduct regarding FAM's proposed new false advertising claims will not be duplicative of their discovery efforts to date directed to FAM's initial claim of design patent infringement. (Indeed, even that discovery is still in early stages.)

3

## CONCLUSION

For the reasons set forth above, FAM respectfully requests that the Court grant it leave to file a First Amended Complaint as set forth in **Exhibit A**.

Dated: August 27, 2020

Respectfully submitted,

s/ *Steven E. Jedlinski*
Steven E. Jedlinski
Email: steven.jedlinski@hklaw.com
Anthony J. Fuga
Email: anthony.fuga@hklaw.com
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Tel.: (312) 715-5818
Fax: (312) 578-6666

Tracy Zurzolo Quinn (*pro hac vice* pending)
Email: tracy.quinn@hklaw.com
HOLLAND & KNIGHT LLP
2929 Arch Street, Suite 800
Philadelphia, Pennsylvania 19104
Tel.: (215) 252-9522
Fax.: (215) 867-6070

***Attorneys for FAM N.V. and FAM Stumabo USA, Inc.***

4