UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FAM N.V.<br><br>    Plaintiff,<br><br>v.<br><br>URSCHEL LABORATORIES, INC.<br><br>    Defendant. | Case No. 19-cv-439<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

Plaintiff FAM N.V. ("FAM" or "Plaintiff"), by and through its undersigned counsel, files this Second Amended Complaint against Defendant Urschel Laboratories, Inc. ("Urschel" or "Defendant") as follows:

### NATURE OF THE ACTION

1. FAM brings this action for patent infringement to stop Urschel's infringement of FAM's United States Design Patent No. D730,703 ("the '703 Patent"), entitled "Knife Holder." A true and correct copy of the '703 Patent is attached hereto as Exhibit A.

2. FAM also brings this action for false advertising and unfair competition to stop Urschel from publishing advertisements that make objectively false and materially misleading statements regarding FAM and its products, which are likely to influence consumers' purchasing decisions and thus are likely to cause and/or have caused FAM to suffer commercial and competitive harm.

### THE PARTIES

3. Plaintiff FAM is a naamloze vennootschap (public company) organized and existing under the laws of Belgium, with its principal place of business located in Belgium.

4. Upon information and belief, Defendant Urschel is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1200 Cutting Edge Dr., Chesterton, IN 46304.

## JURISDICTION AND VENUE

5. This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et. seq.*, and for false advertising and unfair competition under the Lanham Act, 15 U.S.C. 1101 *et seq.*

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because FAM's patent infringement claim arises under federal law and relates to the Patent Act, and FAM's false advertising and unfair competition claims arise under federal law and relate to the Lanham Act.

7. This Court further has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between FAM and Urschel and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over Urschel because Urschel has its principal place of business in Chesterton, Indiana. Upon information and belief, Urschel also, directly or through intermediaries, manufactures infringing products in Chesterton, Indiana.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c), and § 1400.

## FACTUAL BACKGROUND

10. FAM is one of the world's leading designer, developer and manufacturer of cutting solutions for the food industry.

11. FAM has distinguished itself from its competitors through its innovative designs, and has numerous patents covering these designs.

12. On May 7, 2014, U.S. Patent Application No. 29/490,213 was filed with the United States Patent and Trademark Office ("USPTO").

13. After a full and fair examination of U.S. Patent Application No. 29/490,213, the USPTO duly and legally issued '703 Patent on June 2, 2015 which claims an "ornamental design for a knife holder." The '703 Patent claims a non-functional ornamental design.

14. The '703 Patent has been assigned to FAM, and FAM owns all right, title, and interest in and to the '703 Patent and has the right to sue and recover for past, present, and future infringement.

15. Urschel competes with FAM in the market for cutting and slicing tools used in the food industry. Urschel has published advertising and promotional materials touting the purported advantages of its products over FAM's products, specifically including a publication titled "How We Stack Up" that Urschel published in at least March 2019 and April 2019 (the "Urschel Advertisement"), which purports to compare a particular Urschel slicing tool having fourteen cutting stations (the "SL-14 Slicing Head") to a FAM slicing tool that has sixteen cutting stations (the "FAM 16 Slicing Head"). A true and correct copy of the April 2019 version of the Urschel Advertisement is attached hereto as Exhibit B.

## COUNT I

### Patent Infringement, U.S. Patent No. D730,703

16. FAM incorporates and restates paragraphs 1 through 15 as if fully set forth herein.

17. The Infringing Products are knife holders that infringe the '703 Patent.

3

18. For example, Infringing Product, marked as "25883 Urschel® USA", infringes the '703 Patent inasmuch as it has an overall visual appearance that, to an ordinary observer conversant in the prior art, is substantially the same as the overall visual appearance of the design claimed in the '703 Patent.



| Infringing Products | '703 Patent Figure |
|---|---|

19. Upon information and belief, Urschel has infringed and continues to infringe the ornamental design for a knife holder claimed in the '703 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, manufacturing, offering for sale, and selling the Infringing Knifes in the United States.

20. Urschel's actions are without authority and/or license from FAM.

21. Upon information and belief, Urschel will continue to infringe FAM's rights in the '703 Patent unless restrained by this Court.

22. FAM has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

23. As a result of Urschel's infringement of the '703 Patent, FAM has suffered damages in an amount to be determined at trial, which includes disgorgement of Urschel's total profits, lost

profits, but in no event less than a reasonable royalty for the use made of the invention by Urschel, together with interest and costs as fixed by the Court.

24. FAM has complied with 35 U.S.C. § 287 to the extent required by law.

25. Urschel's infringement has been willful, deliberate, and objectively reckless.

26. Urschel's infringement of the '703 Patent has caused irreparable harm to FAM, which has no adequate remedy at law, and will continue to injure FAM unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale, and/or sale of the Infringing Products and any other products within the scope of the design claimed in the '703 Patent.

## COUNT II

### Federal False Advertising and Unfair Competition (15 U.S.C. § 1125(a))

27. FAM incorporates and restates paragraphs 1 through 26 as if fully set forth herein.

28. The Urschel Advertisement is a statement made by Urschel in commerce, in connection with the commercial advertising or promotion of its products in the course of its business.

29. In the Urschel Advertisement, Urschel purports to compare its SL-14 Slicing Head to a 16-cutting station slicing head sold by "a competitor."

30. FAM is the only Urschel competitor that sells 16-cutting station slicing heads. Consumers of commercial food slicing tools would therefore understand Urschel's reference to "a competitor" to mean FAM.

31. The Urschel Advertisement makes at least three false or misleading statements in comparing its SL-14 Slicing Head to the FAM 16 Slicing Head.

32. First, Urschel states that "[a] competitor claims their knife holders can be repaired by peening and filing, so can Urschel knife holders." It is true that the knife holders in the FAM 16 Slicing Head can be repaired; indeed, FAM's product manuals expressly describe how to do so. Urschel's statement that the knife holders in its own SL-14 Slicing Head can be repaired, however, is false and/or materially misleading. Upon information and belief, Urschel's knife holders are unsuitable for repair. Indeed, Urschel product manuals expressly caution against attempting their repair.

33. Second, Urschel states that, because the distance between cutting stations in the FAM 16 Slicing Head is shorter than the distance between cutting stations in the SL-14 Slicing Head, "[t]his shorter distance allows for average size potatoes to be simultaneously engaged with two knives, thereby generating greater scrap." This statement is also false and/or materially misleading. In fact, according to FAM's internal testing data, the FAM 16 Slicing Head generates an equal or lesser amount of scrap compared to Urschel's SL-14 Slicing Head (and generates far less scrap than Urschel's earlier slicing head designs).

34. Third, Urschel states, in a paragraph titled "Cost Savings," that "[t]he price of the SL-14 flat knife holders is approximately **1/6th less than** competitive holders. This adds up with the inevitable replacement due to rocks and sand in processing." (Emphasis in original.) This statement, too, is false and/or materially misleading. The configurations of Urschel's SL-14 Slicing Head and the FAM 16 Slicing Head are materially different. In particular, the FAM 16 Slicing Head has a design (patent pending) pursuant to which damage caused by rocks and sand is diverted from the knife holders to less expensive components. The knife holders in a FAM 16 Slicing Head therefore do not need to be replaced as frequently as those in Urschel's SL-14 Slicing

6

Head. Urschel's statement that customers will achieve "cost savings" due to the comparative cost of replacing knife holders is therefore false and/or materially misleading.

35. The foregoing three statements, which falsely represent and/or misleadingly suggest to consumers that Urschel's knife holders can be repaired, that FAM's slicing head generates more food scrap, and that consumers will realize cost savings with Urschel's SL-14 Slicing Head because the knife holders in that slicing head are less expensive than the knife holders in the FAM 16 Slicing Head, are material in that they are likely to influence consumer purchasing decisions.

36. Urschel made the foregoing statements willfully and in bad faith, knowing them to be false and/or misleading and/or in reckless disregard of their truth or falsity.

37. Urschel's false and/or misleading statements have caused harm to FAM, and are likely to continue to cause harm to FAM unless enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FAM respectfully requests the following relief:

i. Enter judgment in favor of FAM and against Urschel based on Urschel's infringement of the '703 Patent, as stated in Count I;

ii. Award actual, consequential, and compensatory damages adequate to compensate FAM for Urschel's infringement pursuant to 35 U.S.C. § 284, or the total profits from Urschel's infringing activities pursuant to 35 U.S.C. § 289;

iii. That one or more of Urschel's acts of infringement be found to be willful from the time that Urschel became aware of the infringing nature of their actions, which is the time of service of FAM's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

iv. Declare this case exceptional under 35 U.S.C. § 285;

v. Enter judgment in favor of FAM and against Urschel for Urschel's false advertising and unfair competition, as stated in Count II;

vi. Award actual, consequential, and compensatory damages adequate to compensate FAM for Urschel's false advertising and unfair competition, together with an accounting of Urschel's profits attributable to its false advertising and unfair competition, and FAM's costs, pursuant to 15 U.S.C. § 1117;

vii. Declare this case exceptional under 15 U.S.C. § 1117;

viii. Award FAM attorneys' fees and costs for bringing and prosecuting this action;

ix. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

x. Enter an order preliminarily and permanently enjoining Urschel and all other persons or entities acting in concert with Urschel from infringing the '703 Patent;

xi. Grant any such other and further relief as it deems proper and just.

## JURY DEMAND

FAM demands a trial by jury on all issues so triable.

Dated: October 5, 2020

        HOLLAND & KNIGHT LLP

        By */s/ Steven E. Jedlinski*
        Steven E. Jedlinski (IL Bar No. 6294354)
        Email: steven.jedlinski@hklaw.com
        Anthony J. Fuga (IL Bar No. 6301658)
        Email: anthony.fuga@hklaw.com
        150 N. Riverside Plaza, Suite 2700
        Chicago, Illinois 60606
        Tel.: (312) 715-5818 / Fax: (312) 578-6666

        Tracy Z. Quinn
        Email: tracy.quinn@hklaw.com
        HOLLAND & Knight LLP
        2929 Arch Street, Suite 800
        Philadelphia, PA 19104
        Tel: (215) 252-9522
        Fax: (215) 867-6070

        *Attorneys for Plaintiff FAM N.V.*